UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE DAVIDSON,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN ENGLISH, SAMUEL OLSON,<br>TODD LYONS, KRISTI NOEM,<br>PAMELA BONDI,<br><br>    Respondents. | CAUSE NO. 3:26-CV-205-CCB-SJF |

### ORDER TO SHOW CAUSE

Immigration detainee, Andre Davidson, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Davidson is a native of Jamaica who entered the United States lawfully in 1989 as a lawful permanent resident at the age of ten. In 2007, Davidson was convicted of a federal offense and was incarcerated until 2014. Following the completion of his criminal sentence, he was transferred to the custody of Immigration and Customs Enforcement (ICE) and placed in removal proceedings. In 2014, an immigration judge ordered him removed but granted him withholding of removal to Jamaica under the Convention Against Torture. ECF 1-3. ICE did not appeal the order and immediately released him under an Order of Supervision. ECF 1-4 at 1. He alleges he fully complied with the Order of Supervision for more than

ten years while residing with his spouse and six children, all of whom are United States citizens.

On September 23, 2025, Davidson was arrested at his home by local police on a simple assault allegation—charges that were later dismissed and expunged. The next day, he was released on his own recognizance by the municipal court but was taken into custody by ICE and his Order of Supervision was revoked. He says he was handed a revocation notice without explanation or meaningful opportunity to respond. Since then, Davidson says that he has not received an initial custody review, a post-revocation review, or any explanation of the basis for his continued detention. He says ICE has not identified any realistic prospect of removal to Jamaica, nor has it articulated any changed circumstances warranting the revocation of his Order of Supervision.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, the court's jurisdiction over the lawfulness of Davidson's detention under § 1231(a) is secure. Davidson filed this petition while he was located at Miami Correctional Facility, within the geographical boundaries of this district. He says he has since been transferred to a facility in Louisiana. *See* ECF 3. The transfer does not affect this court's jurisdiction. A habeas petitioner's later transfer to a different judicial district does not affect a court's jurisdiction over a properly filed habeas petition. *See In*

2

*re Hall*, 988 F.3d 376, 379 (7th Cir. 2021) (transfer of federal prisoner did not deprive original court of jurisdiction over habeas petition because there was still a "respondent within the jurisdiction of the original court that has the authority to comply with any order that may issue").

When answering the petition, respondents should take into account that some issues regarding re-detention under 8 U.S.C. § 1231(a) have already been decided by this court. In *Pho v. Noem*, this court determined 8 U.S.C. § 1252(g) does not strip this court of jurisdiction over a habeas petition challenging a petitioner's re-detention under § 1231(a) and that the six-month period of presumptive reasonableness identified in *Zadvydas* does not apply to subsequent detentions following a release based on the unforeseeability of removal. *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.); *see also Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.). To the extent respondents would raise the same arguments regarding subject matter jurisdiction and the merits already discussed in *Pho* and *Kem*, there is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

For these reasons, the court:

(1) **GRANTS** the Petitioner's Motion for Order to Show Cause and for Production of Evidence on an Emergency Basis. (ECF 2);

(2) **DIRECTS** the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Field Office Director for ICE Chicago Field Office at the Office of the Principal Legal Advisor; (d) the Acting Director of the United States Immigration and Customs Enforcement at the Office of the Principal Legal Advisor; (e) the Secretary of the Department of Homeland Security at the Office of General Counsel; and (d) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(3) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(4) **ORDERS** the people listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(5) **ORDERS** Respondent to answer the petition by **March 2, 2026**, including, in addition to any other relevant evidence, (a) a copy of the decision revoking his Order of Supervision, and any documentation relevant to the decision to release him on an Order of Supervision and to revoke his supervision; (b) the date of the informal interview and

any other custody reviews following Davidson's re-detention and documentation from those matters, and (c) the dates any travel documents have been requested and the countries from which those travel documents have been requested; and

(6) **ORDERS** that petitioner may file a reply by **March 9, 2026**.

SO ORDERED on February 22, 2026.

                                                /s/ *Cristal C. Brisco*
                                                CRISTAL C. BRISCO, JUDGE
                                                UNITED STATES DISTRICT COURT