UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE DAVIDSON, <br><br> Petitioner, <br><br> v. <br><br> BRIAN ENGLISH, SAMUEL OLSON, TODD LYONS, KRISTI NOEM, and PAMELA BONDI, <br><br> Respondents. | CAUSE NO. 3:26-CV-205-CCB-SJF |

### ORDER

Following petitioner's emergency motion for a temporary restraining order to prevent his imminent removal, alleged to be unlawful, the court entered an order staying the removal of Andre Davidson from the United States that will expire today at 1:07 p.m. (South Bend time). ECF 6. The stay was entered in order to preserve the status quo and give the court time to determine the extent to which it may stay a noncitizen's removal from the United States, if at all. The court ordered expedited briefing on the emergency motion and ordered the respondents to file a status report regarding whether there are plans to remove Davidson from the United States within the next 30 days, and, if so, to where.

The status report states the Department of Homeland Security (DHS) "has not provided information regarding the country of removal or whether removal is expected to occur within the next 30 days." ECF 9 at 1. Respondents elaborate in their response to

the emergency motion that DHS does not plan to remove Davidson to Jamaica because he is subject to deferral of removal to that country. ECF 10 at 2. However, they state that, upon information and belief, Immigration and Customs Enforcement (ICE) "is awaiting confirmation regarding third country removal," without naming which countries might be under consideration for Davidson's removal. In the absence of a guarantee that Davidson is not going to be removed from the United States before the emergency motion is fully briefed, the court will continue the stay of removal to preserve its jurisdiction over Davidson. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *United States v. Shipp*, 203 U.S. 563, 573 (1906) (When determining if the court has jurisdiction it has a "duty to permit argument, and to take the time required for such consideration as it might need.").

For these reasons, the court:

(1) **EXTENDS** the order (ECF 6), prohibiting respondents from removing Andre Davidson from the jurisdiction of the United States, to **Wednesday, March 4, 2026 at 5:00 p.m. (South Bend time)**;

(2) **DIRECTS** the clerk to email a copy of this order to the United States Attorney for the Northern District of Indiana, **ORDERS** the United States Attorney for the Northern District of Indiana to acknowledge receipt of the petition to the clerk, and

**DIRECTS** the clerk to make a notation on the docket upon receiving confirmation of receipt of the delivery.

SO ORDERED on February 25, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT