UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE DAVIDSON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26-CV-205-CCB-SJF |
| BRIAN ENGLISH, SAMUEL OLSON, TODD LYONS, KRISTI NOEM, and PAMELA BONDI, | |
| Respondents. | |

**OPINION AND ORDER**

Immigration detainee, Andre Davidson, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined in violation of the laws or Constitution of the United States. ECF 1. He later filed an emergency motion for a temporary restraining order and/or preliminary injunction, seeking judicial intervention to prevent him from being unlawfully removed from the United States. ECF 4. In his motion, he alleged that he had been transferred from Miami Correctional Facility to the Alexandria Staging Facility in Louisiana in preparation for removal to Jamaica or to a third country.[1] He argued that he could not be removed to Jamaica because he had been granted deferral of removal to Jamaica under the Convention

---

[1] Davidson's transfer to Louisiana does not affect this court's jurisdiction over his petition, filed when he was located within this district. A habeas petitioner's later transfer to a different judicial district does not affect a court's jurisdiction over a properly filed habeas petition. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021) (transfer of federal prisoner did not deprive original court of jurisdiction over habeas petition because there was still a "respondent within the jurisdiction of the original court that has the authority to comply with any order that may issue").

Against Torture, *see* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(c), and he had not been given notice or the opportunity to challenge removal to any third country. The court entered an administrative stay, enjoining respondents from removing Davidson from the United States through March 4, 2026, and ordered expedited briefing on the emergency motion. Because the respondents' answer to the petition and response to the emergency motion show that there is no basis to detain Davidson, the court will grant the petition and order his release. His emergency motion, therefore, is moot.

## BACKGROUND

Davidson is a Jamaican national who entered the United States in 1989 at the age of ten as a lawful permanent resident. ECF 1 at 11. He was convicted of a federal offense in 2007 and sentenced to a term of imprisonment. *Id.* Upon his release from federal prison in 2014, he was transferred to the custody of Immigration and Customs Enforcement (ICE) and placed in removal proceedings. He was ordered removed in 2014 but was granted deferral of removal to Jamaica under the Convention Against Torture. ECF 1-3 at 1-2. Because his removal could not be carried out, he was released from ICE custody in 2014 and placed on an Order of Supervision. ECF 1-4 at 1. He remained at liberty under that Order of Supervision for the next ten years until he was arrested by ICE in September 2025.

Approximately five months later, on February 18, 2026, Davidson filed a petition for a writ of habeas corpus, arguing that ICE's revocation of his Order of Supervision and his current detention was done without complying with the agency regulations and violates due process. On February 20, 2026, ICE transferred him from Miami

2

Correctional Facility to the Alexandria Staging Facility in Louisiana. He filed an emergency motion the same day.

Respondents report that the Department of Homeland Security (DHS) does not plan to remove Davidson to Jamaica because of the deferral order. ECF 10 at 2. Respondents state, on information and belief, that ICE is awaiting confirmation regarding third country removal, but they do not state what countries are under consideration or have been contacted. *Id.* In the answer to the petition, respondents clarify that "DHS is waiting for confirmation of a third country" but it "has not yet located a third country for removal, nor secured travel documents." ECF 13 at 10. Nevertheless, they maintain that progress is being made towards his removal, and so the detention remains lawful.

## **SUBJECT MATTER JURISDICTION**

Respondents first argue that this court lacks jurisdiction over Davidson's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). Because removal is not imminent, there is no need for the court to determine its authority to stay a removal, outside of its inherent authority to issue an administrative stay to preserve the status quo to ensure fair and orderly consideration of this matter, and to rule on any contested issues concerning jurisdiction. *See United States v. United Mine Workers of Am.,* 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *United States v. Shipp,* 203 U.S. 563, 573 (1906) (When determining if the court has jurisdiction it has a "duty to permit argument, and to take the time required for such consideration as it might need.").

Without the prospect of an imminent removal, this case is now limited to consideration of the lawfulness of Davidson's detention. For the reasons previously stated by this court, jurisdiction is secure. *See Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)), *appeal filed* ECF 20); *see also Vu v. English*, No. 3:25CV999 DRL-SJF, 2026 WL 194171, 2-3 (N.D. Ind. Jan. 26, 2026) (Leichty, J.) (discussing § 1252(b)(9) and § 1252(g)); *Kem v. Noem*, No. 3:25-CV-997-DRL-SJF, 2026 WL 100566, at *1 (N.D. Ind. Jan. 14, 2026) (Leichty, J.) (discussing § 1252(g)).

## **MERITS**

Regarding the merits of the petition, respondents first argue that Davidson's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of Davidson's removal order. However, beyond the "removal period,"[2] which for Davidson ended at least a decade ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute" though any release "may and should be conditioned

---

[2] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. However, that presumptively reasonable 6-month period also ended at least a decade ago. *See Pho*, 2025 WL 3750684, at *4 (concluding 6-momth period of presumptive reasonableness does not apply to subsequent detentions). Therefore, in the absence of any allegation Davidson violated a condition of release, the court turns to whether removal is reasonably foreseeable.[3]

Removal is not reasonably foreseeable. Davidson cannot be removed to Jamaica while the deferral of removal is in effect. And respondents have not identified any third country that has agreed to accept Davidson, nor have they even named what third countries are under consideration for removal. At this stage, efforts to remove Davidson to a third country seems speculative rather than likely to occur within the reasonably foreseeable future.

---

[3] Respondents also argue that Davidson has not met an initial burden of showing there is no significant likelihood of removal, and the court should deny the petition on that basis. *See Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). Even assuming the petitioner bears this burden upon a subsequent detention, it is met here by the combination of the deferral of removal and petitioner's lack of information about any potential third countries being considered for removal.

5

Davidson must be released. Because the court finds that his detention is not authorized under § 1231, it is unnecessary to consider his additional arguments that ICE did not comply with its own regulations when re-detaining him.

Finally, Davidson asks this court to make clear that respondents may not remove him to any third country absent prior written notice of the proposed country of removal and a meaningful opportunity to seek country-specific protection from persecution or torture, including review by an immigration judge of any negative fear determination, and to enter an order enjoining respondents from re-detaining him or revoking his Order of Supervision in the future absent full and strict compliance with all applicable regulatory and constitutional requirements, including, but not limited to, the procedural safeguards of 8 C.F.R. §§ 241.4 and 241.13 and the Due Process Clause of the Fifth Amendment. That relief relating to a speculative future confinement stretches the boundaries of habeas too far. Habeas allows for equitable remedies and allows courts "to fashion appropriate relief other than immediate release." *Peyton v. Rowe*, 391 U.S. 54, 66 (1968). But the custody requirement is absolute, *see Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."), even if that custody is in the future, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[T]he writ is available as well to attack future confinement and obtain future releases."). Here, the possibility of a future confinement is too speculative under these circumstances to allow for such relief.

For these reasons, the court:

6

(1) **DENIES** the Emergency Motion for Temporary Restraining Order (ECF 3) as **MOOT**;

(2) **GRANTS** the petition for writ of habeas corpus (ECF 1) to the extent that respondents are **ORDERED** to release Andre Davidson on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **March 9, 2026**; and

(3) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(4) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on March 6, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT